J-S56008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PEDRO JONES | |
| Appellant | No. 741 MDA 2014 |

Appeal from the PCRA ORDER February 12, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003127-2008

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.*

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 29, 2014**

Appellant, Pedro Jones, appeals *pro se* from the February 12, 2014 order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On September 23, 2009, a jury convicted Jones of robbery. The trial court later sentenced him to a period of 5½ to 11 years' imprisonment. Jones filed a direct appeal and this Court affirmed his judgment of sentence on December 7, 2010. *See Commonwealth v. Jones*, 23 A.3d 571 (Pa. Super. 2010) (unpublished memorandum). Jones did not file a petition for allowance of appeal with our Supreme Court.

On June 20, 2011, Jones filed a timely *pro se* PCRA petition. The PCRA court appointed counsel and subsequently entered an order denying the petition. Jones appealed the denial and this Court affirmed by way of a

_____
*Retired Senior Judge assigned to the Superior Court.

memorandum filed on May 24, 2013. **See Commonwealth v. Jones**, 81 A.3d 1005 (Pa. Super. 2013) (unpublished memorandum). Our Supreme Court then denied Jones's petition for allowance of appeal.

On December 18, 2013, Jones filed the instant *pro se* PCRA petition, his second. The PCRA court, by way of a memorandum opinion and order issued its notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 based upon its finding that "[Jones's] claims fail to set forth any facts which would form the basis for an exception to the one year filing requirement pursuant to Section 9545(b)" and that it "lack[ed] jurisdiction to consider the petition." Memorandum Opinion and Order, 1/8/14, at 1-3. On January 17, 2014, Jones filed a response. The PCRA court then dismissed the petition on February 12, 2014. This appeal followed.

On appeal, Jones maintains that the evidence presented at trial was insufficient to support his conviction and that trial counsel was ineffective for failing to move for a judgment of acquittal on that basis. As will be briefly explained below, Jones's petition is patently untimely and does not plead an exception to the time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004).

Jones's judgment of sentence became final on January 6, 2011, thirty days after this Court affirmed his judgment of sentence and the time in which to seek an allowance of appeal in our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Jones had one year from that date to file a petition for collateral relief, specifically, until January 6, 2012. *See* 42 Pa.C.S.A. §9545(b)(1).

Jones filed the instant petition on December 18, 2013, well beyond the January 6, 2012 date. Therefore, as Jones's second PCRA petition was not timely filed, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [PA.CONS.STAT.ANN.] § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 561 Pa. 214, 220, 749 A.2d 911, 914-915 (2000). *See also Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*).

Our review of Jones's *pro se* PCRA petition reveals that he has failed to plead any of the exceptions enumerated to the PCRA's time bar, thereby divesting this Court of jurisdiction. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014