749 A.2d 911

COMMONWEALTH of Pennsylvania, Appellee,

v.

Alan PURSELL, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 10, 1999.

Decided April 17, 2000.

Reargument Denied May 3, 2000.

Reconsideration Denied June 26, 2000.

Stuart Lev, Philadelphia, James Anderson, Malvern, for A. Pursell.

Kenneth Zak, Erie, for the Com.

Robert A. Graci, Harrisburg, for Office of Atty. Gen.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NEWMAN, Justice.

This is an appeal from the denial of the second petition of Alan Pursell (Appellant) for post conviction relief. Because Appellant's petition was untimely filed, we affirm.

On January 26, 1982, a jury sentenced Appellant to death for the murder of a young boy in Lawrence Park Township. On direct appeal, this Court affirmed Appellant's death sentence. *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). Subsequently, Appellant filed a *pro se* application for post-conviction relief and sought the appointment of counsel. After Appellant's initial counsel withdrew, the trial court appointed new post-conviction counsel on June 24, 1991. That counsel then filed an amended Post Conviction Relief Act (PCRA) petition, which raised three issues. Appellant sought both to supplement this amended PCRA petition and to have new PCRA counsel appointed. The trial court denied both requests and on March 26, 1993, denied Appellant's amended PCRA petition without a hearing. Appellant, proceeding *pro se,* appealed this dismissal to this Court, raising the three issues that PCRA counsel included in the amended PCRA petition and twenty-seven claims that were not raised in the petition, including numerous claims of ineffectiveness of PCRA counsel. Because the dismissal order of the trial court was not accompanied by an opinion,[1] this Court, on January 15,

---

1. The trial court did not file an Opinion, but the Order stated that the issues raised in the Amended PCRA Petition were previously litigated or

1997, directed the trial court to prepare a "Statement of Reasons in Support of its Order dated March 26, 1993." The trial court obliged,[2] but limited its opinion to the three issues included in the amended PCRA petition. Following an exhaustive review of all of Appellant's claims, encompassing both the three issues raised in the amended petition and Appellant's properly-layered assertions of ineffective assistance of counsel, we affirmed the March 26, 1993 order of the trial court. *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293 (1999).

█ The present round of appeals commenced when Appellant, on June 4, 1999, filed an "Amended Petition for Habeas Corpus Relief pursuant to Article I, Section 14 of the Pennsylvania Constitution and Statutory Post–Conviction Relief under 42 Pa.C.S. § 9542 *et seq.* and Request to Reinstate Prior Post Conviction Proceedings *Nunc Pro Tunc* and Consolidated Memorandum of Law."[3] On June 22, 1999, the trial court dismissed the petition, in an order and accompanying opinion, without a hearing and without the advance notice of intention to dismiss required by Pa.R.Crim.P. 1509(C)(1).[4] Appellant

waived. *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 300 (1999).

2. The matter was assigned to the Hon. Ernest J. DiSantis, Jr. because the Hon. Jess S. Jiuliante, who had issued the March 26, 1993 order, was on senior judge assignment with the Commonwealth Court. Pursuant to our remand order, Judge DiSantis conducted a status conference. At that conference, Robert B. Dunham, Esquire, an attorney for the now-defunct Pennsylvania Capital Resource Center, presented the PCRA court with an unfiled motion on behalf of the Appellant requesting another status conference. Although Mr. Dunham had not filed an entry of appearance, the PCRA court permitted Mr. Dunham to represent the Appellant at a second status conference. At that status conference, Mr. Dunham requested permission to file an amended PCRA petition or, alternatively, permission to file a brief for Appellant. The PCRA court denied those requests. *See Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 300–01 (1999).

3. In the present round of proceedings, Appellant is represented by the Capital Habeas Corpus Unit of the Federal Court Division of the Defender Association of Philadelphia.

4. This rule provides, in relevant part:

**Rule 1509. Procedures for Petitions in Death Penalty Cases: Stays of Execution of Sentence; Hearing; Disposition**

moved to vacate the June 22, 1999 dismissal order, which the trial court denied on July 16, 1999. In its opinion in support of its dismissal order, the trial court concluded that all of the claims raised in Appellant's present petition were either previously litigated or waived. The trial court made no determination as to whether Appellant's petition was timely.

This second PCRA petition was filed after the 1995 amendments to the PCRA went into effect. Those amendments therefore govern this petition. Section 9545(b) of the PCRA provides a time limit for the filing of PCRA petitions in all cases, and provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date that judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

\* \* \*

(C) If the judge is satisfied from this review that there are no genuine issues concerning any material fact, that the defendant is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings,

(1) the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review to the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S. § 9545(b). Direct review of Appellant's conviction expired in 1985 when Appellant failed to seek review in the United States Supreme Court of our decision affirming Appellant's conviction and death sentence. Appellant's present PCRA petition was filed in 1999, more than one year from the date that his judgment of sentence became final and therefore not in compliance with the general one-year time limitation of 42 Pa.C.S. § 9545(b)(1).

 We have described the timeliness requirements of 42 Pa.C.S. § 9545(b) as jurisdictional in nature. *See Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 217 (1999); *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581, 587 (1999). As noted above, Appellant's present petition was not timely, and the courts have no jurisdiction to grant Appellant relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) applies. In the present case, the trial court did not address Appellant's arguments regarding the applicability of the 42 Pa.C.S. § 9545(b)(1)(i)–(iii) exceptions to the one-year jurisdictional limitation. Because this presents a threshold question concerning whether there is jurisdiction to grant relief on Appellant's petition, however, we will address this matter.

Appellant raises twenty-one claims for our review.[5] In his second issue, Appellant explains why his present petition

**5.** 1. Did the PCRA court's dismissal of Appellant's PCRA petition, without providing him with notice of, or an opportunity to respond to,

the court's reasons for dismissal, violate Rules of Criminal Procedure 1507 and 1509 and deny Appellant his state and federal constitutional rights to due process?

2. Was Appellant's PCRA Petition timely filed?

3. Was Appellant denied his state and federal constitutional rights to counsel, due process, and equal protection when he represented himself *pro se* on his PCRA appeal against his wishes and without a knowing and intelligent waiver of his right to counsel?

4. Was Appellant denied his state and federal constitutional rights to the effective assistance of counsel at sentencing where counsel failed to investigate and present readily available mitigation evidence?

5. Was Appellant denied his state and federal constitutional rights to a fair and impartial jury and to due process where the trial court, during jury selection, erroneously denied numerous defense challenges for cause and erroneously granted a Commonwealth challenge?

6. Was trial counsel constitutionally ineffective for failing to investigate and present expert forensic evidence, which would have rebutted the Commonwealth's evidence of premeditation and torture?

7. Was Appellant deprived [of] his state and federal constitutional rights to a fair trial and effective assistance of counsel where the investigating officer was permitted to testify to his opinion of Appellant's mental state during interrogation and where counsel failed to object or request an appropriate instruction?

8. Was Appellant deprived [of] his state and federal constitutional rights to a fair trial and the effective assistance of counsel where the prosecutor made numerous improper comments during her closing argument and elicited improper testimony during trial?

9. Is Appellant entitled to relief from his conviction and sentence because the trial court allowed the prosecution to improperly inject victim impact considerations, designed to build sympathy for the deceased and his family, into the capital sentencing proceedings?

10. Was Appellant denied his state and federal constitutional rights to the effective assistance of counsel where trial counsel failed to request a jury instruction on the use of the evidence of Appellant's good character, which had been introduced at trial?

11. Was Appellant denied his state and federal constitutional rights to due process and the effective assistance of counsel when, without objection, the prosecutor sought to bolster the credibility of two witnesses through the use of inadmissible prior consistent statements and defense counsel failed to object or request appropriate curative instructions?

12. Was Appellant denied his constitutional rights to effective assistance of counsel when counsel failed to present available evidence, which would have rehabilitated the credibility of a critical defense witness?

13. Was Appellant denied a fair trial when the Erie County District Attorney placed the credibility and prestige of his office behind the investigation and prosecution by testifying as a witness to facts concerning the investigation which were cumulative of other testimony or which could have been presented by other witnesses?

14. Did the prosecution deliberately elicit testimony that, during police interrogation, Appellant exercised his constitutional rights to coun-

qualifies for the exceptions to the one-year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i) and (ii). He argues that he was denied his right to counsel on appeal from the denial of his first PCRA petition and was compelled to proceed *pro se* on that appeal without having made a knowing, intelligent, and voluntary waiver of his right to counsel. He contends that the refusal of the trial court to appoint new counsel for him amounted to governmental interference with the preparation and presentation of his present claims, thus qualifying under the 42 Pa.C.S. § 9545(b)(1)(i) exception. Moreover, Appellant asserts that he could not have been aware of the existence of these claims of trial court error and prior counsel's ineffectiveness because he possessed only a layman's knowledge of the law and could not identify his current claims until present counsel undertook his representation. Accordingly, Appellant maintains that the exception contained in 42 Pa.C.S. § 9545(b)(1)(ii) applies. Appellant further contends that he satisfied the requirements of 42 Pa.C.S. § 9545(b)(2) because he filed this petition within sixty days of his representation by current counsel, which, according to Appellant, was the earliest moment that his present claims could have been asserted. Relying on this argument in his second issue, Appellant contends that the petition was not untimely and that the court has

sel against self-incrimination, and improperly reference Appellant's prior criminal history?

15. Did the trial court err when it instructed the jury that the only issue for them to decide was whether Appellant killed the deceased?

16. Is Appellant entitled to relief from his death sentence because this Court's application of the torture aggravating circumstance has been unconstitutionally arbitrary?

17. Is Appellant entitled to relief from his death sentence because the penalty phase jury instructions and verdict sheet unconstitutionally indicated that the jury had to unanimously find any mitigating circumstances before it could give it effect?

18. Is Appellant entitled to relief from his death sentence because the sentencing jury was never instructed that he would be ineligible for parole if he was sentenced to life imprisonment?

19. Were all prior counsel ineffective for failing to raise the issues presented in the PCRA petition at all prior stages of this case?

20. Is Appellant entitled to relief from his conviction and sentence because of the cumulative effect of the errors described in the PCRA petition and found in prior proceedings?

21. Should this Court remand the case for an evidentiary hearing?

jurisdiction to review all of the claims presented in his petition.

We note that Appellant's issues four through eighteen involve claims of trial counsel's ineffectiveness, trial court error or constitutional infirmity in the death penalty statute. Appellant's nineteenth issue raises a layered ineffectiveness claim, contending that all previous counsel were ineffective for failing to present the claims identified in issues four through eighteen. Appellant's twentieth and twenty-first issues request relief based on the cumulative deficiencies in the prior proceedings and seek an evidentiary hearing to develop Appellant's present claims. In his third issue, Appellant argues that he was denied his right to counsel on appeal from the denial of his first PCRA petition and was compelled to proceed *pro se* without having made a knowing and intelligent waiver of his right to counsel.

We reject Appellant's argument that the timeliness exception contained in 42 Pa.C.S. § 9545(b)(1)(i) applies. In so doing, we note that the essence of Appellant's claims relate to prior counsels' (both trial counsel and PCRA counsel) alleged ineffectiveness for failing to raise in the prior proceedings the claims that Appellant presently asserts. Appellant's strategy in framing his issues in this manner is apparent: assuming that he successfully argues application of the 42 Pa.C.S. § 9545(b)(1)(i) and (ii) exceptions to the one-year time limitation, he nevertheless must show that his specific claims were neither previously litigated nor waived. *See* 42 Pa.C.S. § 9544. We have held that properly layered claims of ineffective assistance of counsel survive the waiver bar of 42 Pa.C.S. § 9544(b). *See Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 302 (1999). However, while layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the PCRA, we have repeatedly held that claims of ineffective assistance of counsel do *not* automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i)–(iii). *See Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258, 1260 (1999) ("neither the fact that the instant petition is filed in a capital case nor the fact that

some of appellant's claims are couched in terms of ineffectiveness, will save this petition from application of section 9545"); *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 586 (Pa.1999) ("an untimely petition will not be addressed simply because it is couched in terms of ineffectiveness"). Concerning the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(i), we have stated that claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term "government officials" does not include defense counsel. *See Yarris*, 731 A.2d at 587. Consequently, to the extent that Appellant contends that the ineffectiveness of prior counsel prevented him from raising his present claims, Appellant cannot invoke the 42 Pa.C.S. § 9545(b)(1)(i) exception to the one-year time limitation.

We similarly reject Appellant's argument that the 42 Pa.C.S. § 9545(b)(1)(i) exception applies because the trial court's refusal to appoint him new counsel on his appeal from the denial of his first PCRA petition amounted to interference by government officials with the presentation of his current claims. In essence, Appellant complains that his second PCRA counsel's non-involvement in the proceedings following the presentation of three issues in the amended PCRA petition violated the procedures established in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), concerning the withdraw of counsel from collateral proceedings. We do not agree that the 42 Pa.C.S. § 9545(b)(1)(i) exception regarding governmental interference with the presentation of claims applies here. Indeed, Appellant had the opportunity to challenge the stewardship of PCRA counsel on appeal from the denial of his first PCRA petition, and did so in numerous claims, which this Court addressed. *See Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293 (1999). In proceeding *pro se*, Appellant was not denied the opportunity to challenge the trial court's decision not to appoint, for the second time, new counsel to handle his first PCRA petition, nor was Appellant denied the ability to raise a *Turner* issue on appeal from the denial of his first PCRA petition. He simply chose not to do

so.[6] We cannot say that Appellant's failure to raise, in his *pro se* appeal, an issue concerning compliance with *Turner*'s requirements for the withdrawal of PCRA counsel resulted from "governmental interference" as contemplated by 42 Pa.C.S. § 9545(b)(1)(i).

Turning to the Section 9545(b)(1)(ii) exception, we find that Appellant has failed to meet the requirements of this provision. We have previously described this exception, which permits an untimely claim where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence," as an exception for after-discovered evidence. *See Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 588 (1999). Our review of Appellant's present claims demonstrate that they relate to alleged errors discernable from the trial court record or to trial counsel's failure to present defenses or mitigation evidence that were purportedly available at the time of Appellant's trial. As we have stated previously, the allegation of ineffectiveness of counsel for failure to put forward available claims does not excuse compliance with the timeliness requirements of the PCRA. *See Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1260 (1999). Therefore, the 42 Pa.C.S. § 9545(b)(1)(ii) exception does not apply where the petitioner merely alleges that more competent counsel would have presented other claims based on a better evaluation of the facts available to him or her at the time of trial, and we reject Appellant's contention that the "facts" which form the bases of these claims were not knowable until he was advised of their existence by present counsel.

We hold that Appellant's petition was untimely and that none of the 42 Pa.C.S. § 9545(b)(1)(i)–(iii) exceptions apply. Accordingly, we affirm the order of the trial court dismissing

6. Appellant raised no issue regarding compliance with *Turner*'s procedures for withdrawal of counsel on appeal from the denial of his first PCRA petition. *See Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293. Indeed, the only issue Appellant raised in that appeal concerning the participation of counsel was his claim that the PCRA court denied him his right to self-representation when it refused to allow him to supplement his counseled PCRA petition. *Id.* at 301–02.

Appellant's petition, albeit on grounds different from those relied on by the trial court.[7] We direct the Prothonotary of the Supreme Court to transmit the record of this case to the Governor.

7. We recognize the merit in Appellant's first claim that the trial court failed to comply with Pa.R.Crim.P. 1509 when it dismissed Appellant's petition without the requisite notice in advance. While we do not condone the trial court's error in this regard, we will not provide Appellant with relief on this issue as our independent review has determined that Appellant failed to invoke the jurisdiction of the trial court by failing to plead and prove the applicability of the timeliness exceptions contained in 42 Pa.C.S. § 9545(b)(1)(i)–(iii).