J-S40039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT YOUNGS, III | |
| Appellant | No. 62 MDA 2014 |

Appeal from the PCRA Order December 6, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004436-2000

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 20, 2014**

Appellant, Robert Youngs, III, appeals *pro se* from the order entered on December 6, 2013, by the Honorable Thomas G. Parisi, Court of Common Pleas of Berks County, which denied his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

Following a trial on March 6, 2001, a jury convicted Youngs of murder of the first degree, aggravated assault, possessing instruments of crime, and firearms not to be carried without a license. On April 12, 2001, the trial court sentenced Youngs to life in prison for the murder conviction, followed by fifteen (15) to sixty (60) months' incarceration for the remaining convictions.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

This Court affirmed the judgment of sentence on August 6, 2003. Young did not seek allocator in the Pennsylvania Supreme Court.

On September 3, 2004, Youngs filed a PCRA petition, which the PCRA court denied and this Court affirmed on August 23, 2006. Nearly seven years later, on June 12, 2013, Youngs filed a *pro se* PCRA petition. The PCRA court denied the petition. In dismissing the PCRA petition, the court found that Youngs failed to prove that any exceptions to the time bar provided in 42 PA.CONS.STAT.ANN. § 9545(b)(1)(i)-(iii) apply. This appeal follows.

Youngs's PCRA petition and appellate brief are incredibly convoluted and rambling. We agree with the PCRA court that Youngs raises two issues on appeal. First he claims the PCRA court erred by denying his PCRA petition when his conviction was based on, in his terms, a fraud upon the court. Specifically, that the Commonwealth presented the false and misleading testimony at trial of three witnesses and that the district attorney and criminal investigator intentionally failed to provide the original crime scene photos. Second, he claims the PCRA court's denial is not supported by the record.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well settled. We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Hall**, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed

unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 PA.CONS.STAT.ANN. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004).

Youngs did not seek a petition for allowance of appeal to our Supreme Court. Thus, his judgment of sentence became final on Monday, September 6, 2004. Youngs filed the present PCRA petition—his second—on June 12, 2013, which is well outside the one-year time period. (It is eight years, nine months, and six days too late.)

As Youngs's second PCRA petition was not timely, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [PA.CONS.STAT.ANN.] § 9545(b)(1)(i)-(iii) applies." *Commonwealth v. Pursell*, 561 Pa. 214, 220, 749 A.2d 911, 914-915 (2000). *See also Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*), *appeal denied*, 576 Pa. 712, 839 A.2d 352 (2003) ("Since Appellant's PCRA petition is untimely, our

review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

To invoke a timeliness exception, a petitioner must prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Youngs first argues that the Commonwealth intentionally presented, at trial, the false and misleading testimony of three witnesses. This is the second time in a PCRA petition that Youngs argues that Marisa Desantis's testimony was false. As before, his evidence of the false and misleading nature of her testimony is that it was, in his opinion, inconsistent. He makes the same argument, that the testimony was false and misleading as it was inconsistent, for the two other witnesses, Amy Tyron and Officer Michael Dobrosky. These claims do not come within the purview of any of the three exceptions in § 9545(b)(1)(i-iii).

Youngs next claims that the district attorney and criminal investigator intentionally failed to provide to the defense at trial the original crime scene

photographs. (At trial, the Commonwealth provided replacement photographs.) Even assuming for the sake of argument that this claim somehow constitutes after-discovered evidence, Youngs has completely failed to even plead that he filed this claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). As such, this claim fails. **See Commonwealth v. Sattazahn**, 869 A.2d 529, 535 (Pa. Super. 2005).

Youngs's second issue on appeal is that that the PCRA court's denial of his petition is not supported by the record. Youngs filed a patently untimely PCRA petition. As noted, he has failed to invoke any exception to the PCRA's time bar. Accordingly, this claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014