J-S04011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON WILSON COLON, | |
| Appellant | No. 885 MDA 2014 |

Appeal from the PCRA Order April 22, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000705-1997

BEFORE: BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 28, 2015**

Jason Wilson Colon appeals from the order entered April 22, 2014, denying as untimely his serial PCRA petition. We affirm.

A detailed recitation of the underlying facts of this case is unnecessary to our disposition. Appellant was found guilty in 1997 of third degree murder and conspiracy to commit murder based on the killing of Edgar Day by Adam Byke over a theft. The court sentenced Appellant to an aggregate term of incarceration of forty to eighty years on August 18, 1997. Appellant appealed, and this Court dismissed that appeal after counsel failed to file a brief. Subsequently, Appellant successfully sought the reinstatement of his direct appeal rights via a PCRA petition. This Court affirmed his judgment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence on February 7, 2001, **Commonwealth v. Colon**, 776 A.2d 1003 (Pa.Super. 2001), and our Supreme Court denied allowance of appeal. **Commonwealth v. Colon**, 784 A.2d 114 (Pa. 2001).

Thereafter, on June 11, 2002, Appellant filed a new PCRA petition, which was treated as his first. The PCRA court conducted an evidentiary hearing and denied relief. Appellant appealed, and this Court again affirmed. **Commonwealth v. Colon**, 841 A.2d 571 (Pa.Super. 2003). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 15, 2005. **Commonwealth v. Colon**, 885 A.2d 40 (Pa.Super. 2005). Appellant again unsuccessfully sought state post-conviction relief on November 12, 2008.

This appeal stems from the PCRA court's denial of Appellant's February 19, 2014 PCRA petition as untimely on April 22, 2014. The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the PCRA court authored its decision. The matter is now ready for this Court's consideration. Appellant presents three issues for our review.

> A. Whether the lower court erred in dismissing Appellant's PCRA petition as untimely when he presented new evidence unavailable to him at the time of trial, and unknown to him, that would met [sic] the exception of 42 Pa.C.S.A. § 9545(b)(1)(ii)?
>
> B. Whether the lower court erred in dismissing Appellant's PCRA petition without first issuing an order of it's intent to dismiss and providing Appellant time to respond as required by Pa.R.Crim.P. Rule 907(1)?

    C. Whether, Judge Chronister, erred in failing to recuse/disqualify himself from the case where his bias, prejudice, unfairness toward Appellant, and corrupt and fraudulent actions were the basis for issues raised in Appellant's PCRA relating to the corruption of York County court officials and personal [sic]?

Appellant's brief at 6.

Initially, we note that Appellant's first issue pertains to the timeliness of his petition, and implicates our jurisdiction. In order for a collateral petition to be timely under the PCRA, it must be filed within one year of the finality of the petitioner's judgment of sentence. 42 Pa.C.S. § 9545(b)(1). Here, Appellant could only file a timely petition by asserting one of three timeliness exceptions. Those exceptions include interference by government officials, newly-discovered facts that were unknown to the petitioner and which could not have been ascertained with due diligence, or a new constitutional right held to apply retroactively. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any claim arguing an exception to the time-bar must be filed within sixty days of the date it could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Appellant invokes the newly-discovered fact timeliness exception. Appellant asserted in his *pro se* petition and in his brief that he recently

discovered alleged corruption by the York County District Attorney's Office.[1]

He acknowledges that information regarding the corruption became public in 2005, but maintains that he did not become aware of these facts until January 29, 2014, when he received correspondence from a relative of his co-defendant. Appellant submits that from 2000 until a period in 2009 he was incarcerated at State Correctional Institution ("S.C.I.") Greene County, before being transferred to S.C.I. Rockview. He argues that he did not receive York County local news and could not monitor news from that county "in hopes of learning facts that could be helpful to his case." Appellant's brief at 17.

In support, Appellant relies on a Third Circuit Court of Appeals decision, *Wilson v. Beard*, 426 F.3d 653 (3rd Cir. 2005). *Wilson* involved the now infamous McMahon tapes, wherein former Philadelphia assistant district attorney Jack McMahon instructed prosecutors on how to use peremptory strikes to prevent African Americans from being on a jury. McMahon prosecuted the *Wilson* trial in 1984. On March 31, 1997, McMahon's Democratic opponent in the election for district attorney of

_____

[1] Appellant attaches a February 27, 2005 news story regarding a federal lawsuit against former York County District Attorney Stanley Rebert by a former chief detective that leveled allegations of misconduct. In addition, he has provided a March 26, 2009 article asserting that a former assistant district attorney under Mr. Rebert, who was the prosecutor in Appellant's case, improperly revealed the identities of confidential informants. Another article about alleged corrupt practices of the Rebert administration is dated October 26, 2008. The articles do not pertain to Appellant's specific case.

Philadelphia released the tape in question. Wilson asserted that the earliest he could have known of the tape was April 6, 1997, whereas the Commonwealth maintained that Wilson should have known of its existence on April 1, 1997. The difference in dates would have resulted in Wilson's federal *habeas* petition being untimely under federal law. The federal court ruled that because Wilson was on death row, he did not fail to exercise due diligence in uncovering the tape the day after its release. The Third Circuit opined, "we find that Wilson, who denies timely knowledge of the reports, did not fail to exercise reasonable diligence in not monitoring the local news thirteen years after his conviction." ***Id***. at 655-656.

The Commonwealth responds that the PCRA court properly ruled Appellant's petition untimely. It contends that the corruption allegations are not related to his case and the evidence provided by Appellant would not be admissible at a trial. The Commonwealth continues that because Appellant is proceeding on a serial PCRA petition he must show a strong *prima facie* case that a miscarriage of justice occurred. It submits that Appellant cannot meet this burden.

We find that Appellant's petition was untimely. The facts alleged were available well before 2014. That Appellant himself only discovered the facts in January 2014 is largely immaterial. Unlike ***Wilson***, where the defendant discovered the factual basis for his claim within a week, Appellant did not make any showing of due diligence. The facts Appellant sets forth were

available as early as 2005 and the most recent article is from 2009.

Moreover, Appellant fails to demonstrate how the facts alleged pertain to his

case. Newly-discovered facts must relate to the defendant's case to be

material. The articles Appellant attached to his petition and his brief

reference matters wholly unrelated to his prosecution.[2] Accordingly, we find

that Appellant's petition is untimely.

Appellant in his second claim asserts that the PCRA court erred in

failing to provide him a notice of intent to dismiss under Pa.R.Crim.P. 907.

Where a petition is untimely, our Supreme Court has concluded that such

failure does not warrant reversal. ***Commonwealth v. Pursell***, 749 A.2d

911, 917 n.7 (Pa. 2000); ***Commonwealth v. Taylor***, 65 A.3d 462

(Pa.Super. 2013). Appellant is entitled to no relief.

The final issue Appellant raises on appeal relates to the PCRA court's

decision not to recuse itself. The PCRA court concluded that the recusal

issue was moot because a different judge had presided over an earlier

untimely attempt at state post-conviction relief. That another court heard

the matter previously does not render moot a challenge to the current

judge's consideration of the case. Despite the PCRA court's *non-sequitur*,

we have already determined that the petition was untimely. Hence, no

---

[2] The articles themselves would be inadmissible. ***See Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014).

judge would have had jurisdiction over Appellant's case. Thus, Appellant is not entitled to relief.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2015