J-S61014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY MICHAEL BANEY | |
| Appellant | No. 744 MDA 2015 |

Appeal from the PCRA Order March 27, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000109-2002

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED DECEMBER 15, 2015**

Appellant, Jeremy Michael Baney, appeals from the order dismissing his fourth petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely.  Baney argues that the PCRA court erred in concluding that he had not established that his claims qualified for the previously unknown fact exception to the PCRA's time bar.  We conclude that the PCRA court did not err, and therefore affirm.

Given our resolution of this appeal, we need not set forth a detailed factual and procedural history of this case.  We direct the interested reader to the history set forth in this Court's memorandum decision resolving Baney's appeal from the partial denial of his third PCRA petition.  ***See***

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Baney*, No. 581 MDA 2013 (Pa. Super. filed October 30, 2013) (unpublished memorandum). In that memorandum, we concluded that Baney's third PCRA petition was facially untimely, and therefore could not provide Baney relief in the absence of an established exception to the PCRA's time bar provisions. *See id*., at 8.

Baney's subsequent PCRA petition, his fourth, is the basis of the present appeal. It is therefore also facially untimely. "PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). Thus, Baney was required to plead and prove that an exception to the PCRA time-bar applied. *See Commonwealth v. Pursell*, 749 A.2d 911, 914-915 (Pa. 2000).

Acknowledging this legal reality, Baney argues that the PCRA court erred in concluding that he had failed to establish the "previously unknown fact" exception to the time bar. Baney's argument is premised upon two separate alleged facts that he claims were unknown to him until just before he filed the instant petition.

First, Baney argues that research performed by National Legal Professional Associates ("NLPA"), at the request of trial counsel but never used by counsel, qualifies as a previously unknown fact. However, at the PCRA hearing, Baney described this research as "legal research" about possible issues on direct appeal. N.T., PCRA Hearing, 1/7/15, at 12-15. Trial counsel also testified that NLPA conducts legal research. *See id*., at

54.     Thus, Baney's claim is not one based upon new facts that could have been presented at trial, but rather about legal issues to be raised on appeal. This claim is a claim of ineffective assistance of counsel, not "previously unknown facts." "[A] claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citations omitted).

The other fact identified by Baney is the re-sentencing of a co-defendant in 2008. However, Baney was unable to identify what relevance this re-sentencing had to his case. **See** N.T., PCRA Hearing, 1/7/15, at 109. Therefore, we cannot conclude that the PCRA court erred in concluding that Baney had not established the applicability of the "previously unknown fact" exception to the PCRA's time bar.

Since Baney failed to establish that the PCRA court had jurisdiction to entertain his petition, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2015

- 3 -