J-S43027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL BARLOW | |
| Appellant | No. 1429 MDA 2015 |

Appeal from the PCRA Order July 29, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000042-1968

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY PANELLA, J.               **FILED JUNE 23, 2016**

Appellant, Samuel Barlow, appeals *pro se* from the order dismissing as untimely his petition pursuant to the Post Conviction Relief Act. After careful review, we conclude that Barlow failed to successfully plead an exception to the PCRA's time bar and therefore affirm.

In 1969, Barlow pled guilty to participating in an armed bank robbery during which a bank customer was shot and killed. After initially sentencing Barlow to death, the trial court held a second sentencing hearing and imposed a sentence of life imprisonment without possibility of parole. The Supreme Court of Pennsylvania affirmed the sentence on September 30, 1971.

Between 1971 and 1996, Barlow filed multiple collateral attacks on his judgment of sentence, all of which were unsuccessful. In 1996, he filed a

petition under the modern PCRA, asserting that his guilty plea was not knowing and voluntary. Counsel was appointed to represent Barlow, but was later permitted to withdraw before the petition was dismissed.

In 2001, Barlow filed a second petition under the PCRA, which was subsequently dismissed. This Court affirmed the dismissal *via* memorandum filed December 12, 2002, concluding that it was untimely.

Barlow filed the instant PCRA petition, his third, on December 3, 2014. This petition was patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Thus, the PCRA court did not have "jurisdiction to grant [him] relief unless he [could] plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." **Commonwealth v. Pursell**, 749 A.2d 911, 914 (Pa. 2000).

Although he does not explicitly invoke a timeliness exception, Barlow argues that he is entitled to relief pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). However, it is settled that **Alleyne** does not rescue an untimely petition from the timeliness requirements of the PCRA. **See Commonwealth v. Miller**, 102 A.3d 988, 995-996 (Pa. Super. 2014). Pursuant to **Miller**, the PCRA court was without jurisdiction to grant Barlow the relief requested.

We therefore affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2016