J-S10035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL RUIZ-FIGUEROA | : | |
| | : | |
| Appellant | : | No. 1531 EDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000065-2009

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED JUNE 22, 2023**

Appellant, Rafael Ruiz-Figueroa, appeals *pro se* from the order entered May 17, 2022, in the Court of Common Pleas of Lehigh County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue. Briefly, on September 23, 2011, Appellant entered a guilty plea to one general count of criminal homicide and one count of attempted criminal homicide. Beginning on September 26, 2011, a four-day degree of guilt hearing took place on the charge of criminal homicide. On September 30, 2011, the trial court determined that Appellant committed first degree murder and sentenced him to life imprisonment without the possibility of parole. Appellant was sentenced to a consecutive sentence of no less than 20 nor more than 40 years for the count of attempted criminal homicide.

This Court affirmed the judgment of sentence on October 5, 2012. ***See Commonwealth v. Ruiz-Figueroa***, No. 2856 EDA 2011, unpublished memorandum (Pa. Super. filed October 5, 2012). Following Appellant's successful litigation of a PCRA petition, the PCRA court reinstated his right to file a petition for allowance of appeal on *nunc pro tunc*. Our Supreme Court denied his petition for allowance of appeal on June 25, 2014. ***See Commonwealth v. Ruiz-Figueroa***, No. 49 MAL 2014 (Pa. filed June 25, 2014).

Appellant filed his first, timely PCRA petition on May 13, 2015. The PCRA court dismissed the petition on August 30, 2016. We affirmed the dismissal of Appellant's first PCRA petition on January 12, 2018. ***See Commonwealth v. Ruiz-Figueroa***, No. 3118 EDA 2016, unpublished memorandum (Pa. Super. filed January 12, 2018).

On March 21, 2022, Appellant filed the instant PCRA petition, which the PCRA court dismissed as untimely on May 17, 2022. This appeal followed.

Appellant claims that the PCRA court erred in not finding the underlying PCRA petition timely under ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).

When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to

the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. (Frank) Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. ***Id.***

_____

[1] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, ***see*** 42 Pa.C.S.A. § 9545(b)(2). At issue here is the newly recognized right exception. Appellant's Brief at 6. The one-year time bar can be overcome if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Appellant is aware that the instant petition is facially untimely.[2] However, he claims that he meets the new constitutional right timeliness exception. Specifically, Appellant believes that our Supreme Court in *Bradley* announced a new constitutional rule that allows PCRA petitioners to raise claims of ineffective assistance of counsel at any time, even on appeal.

Reliance on *Bradley* for purposes of overcoming the untimeliness of the underlying PCRA petition is misplaced. In *Bradley*, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." *Bradley*, 261 A.3d at 386. The *Bradley* Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401.

_____

[2] Appellant was sentenced on September 30, 2011. We affirmed Appellant's judgment of sentence on October 5, 2012. Our Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2014, after which he had until September 23, 2014 to seek review in the United States Supreme Court, which he did not do. *See* U.S. Sup. Ct. R. 13.1 (allowing petitioner 90 days from entry of judgment to file petition for writ of certiorari); Appellant then had one year to file a timely PCRA petition, *i.e.*, until September 23, 2015. *See* 42 Pa.C.S.A. § 9545(b)(1). The underlying petition, which he filed on March 21, 2022, is, therefore, facially untimely.

- 4 -

*Bradley*, however, did not announce a new constitutional right, much less one applicable retroactively. *See*, *e.g.*, *Commonwealth v. Johnson*, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "[a]lthough [*Bradley*] did not specifically address the timeliness exception upon which [a]ppellant relies, it is clear *Bradley* did not recognize a new constitutional right," *id.* at *4); *Commonwealth v. Dixon*, 2022 WL 17973240 (Pa. Super. 2022) (unpublished memorandum) (holding *Bradley* does not trigger the timeliness exception of Section 9545(b)(1)(iii)) *Commonwealth v. Parkinson*, 2022 WL 5237927 (Pa. Super. 2022) (holding "*Bradley* did not create a new, non-statutory exception to the PCRA time bar," *id.* at *3).

Furthermore, this Court has continually declined to extend the holding of *Bradley* to cases involving untimely petitions, like the instant one. *See*, *e.g.*, *Commonwealth v. Stahl*, 2023 WL 1793571 (Pa. Super. 2023) (concluding that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel," *id.* at *4); *Commonwealth v. Mead*, 2022 WL 984604 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that *Bradley* involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Morton*, 2023 WL 118686 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on

*Bradley* does not afford relief in his appeal from the denial of his untimely second PCRA petition); *Commonwealth v. Gurdine*, 2022 WL 576155 (Pa. Super. 2022) (same).[3]

In the argument section of his brief, Appellant mentions, without elaborating, 42 Pa.C.S.A. § 9545(b)(1)(ii).  To the extent Appellant believes that *Bradley* qualifies as a newly-discovered fact for purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii), Appellant is mistaken.

It is well-established that caselaw does not qualify as a new fact for purposes of the exception.  In *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011), the Supreme Court explained the distinction between law and fact as follows:

> Black's Law Dictionary explains the distinction thusly: 'Law is a principle; fact is an event.  Law is conceived; fact is actual.  Law is a rule of duty; fact is that which has been according to or in contravention of the rule.'  Put another way 'A 'fact,' as distinguished from the 'law,' ... [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.'  Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events.  The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Watts*, 23 A.3d at 986-87.

---

[3] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Second, to the extent that Appellant argues that the "new fact" is discovery of counsel's ineffectiveness in light of ***Bradley***, the Supreme Court stated:

> We decline to adopt the approach, suggested by Appellee and Amicus Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar. ***See Commonwealth v. Gamboa-Taylor***, [753 A.2d 780, 785 (Pa. 2000)] ("[S]ubsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [a]ppellant to the benefit of the exception for after-discovered evidence."); [***Commonwealth v. Pursell***, 749 A.2d 911, 916-17 (Pa. 2000)] (finding claim of ineffective assistance of counsel layered upon a claim of trial counsel ineffectiveness was based upon facts that existed at time of trial, and did not fall within the "new facts" exception to the time bar).

***Bradley***, 261 A.3d at 404, n. 18.

Thus, to the extent Appellant relies on ***Bradley*** to overcome the untimeliness of the underlying petition, such reliance is misplaced. Accordingly, we agree with the PCRA court's conclusion that the underlying PCRA petition is facially untimely and that Appellant has failed to plead and prove the applicability of any exception to the time bar.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/22/2023*