J-S09036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOED VALENTIN-MORALES | : | |
| | : | |
| Appellant | : | No. 1909 EDA 2024 |

Appeal from the PCRA Order Entered July 8, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003710-2007

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 7, 2025**

Appellant, Joed Valentin-Morales, appeals *pro se* from the order entered in the Court of Common Pleas of Lehigh County, which dismissed his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested and charged in connection with the attempted murder of Marisol Ramos and Michael Orasio on June 27, 2007.  Appellant, represented by counsel, proceeded to a jury trial at which Appellant admitted he shot the victims but argued he did so in self-defense.  On June 5, 2008, a jury convicted him of two counts of attempted murder and related offenses.  The trial court

_____

[*] Former Justice specially assigned to the Superior Court.

sentenced Appellant to 28½ years to 60 years in prison, and Appellant filed a direct appeal. On June 23, 2010, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Morales*, 1243 EDA 2009 (Pa.Super. filed 6/23/10) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on October 15, 2010. Appellant did not seek review in the United States Supreme Court.

On April 20, 2011, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to assist him. Appellant averred trial counsel was ineffective in failing to investigate and present an alleged eyewitness to the shooting, Emma Rosado. He contended Ms. Rosado would have corroborated his claim of self-defense. He also claimed that Commonwealth witness Gabriel Morales had recanted his trial testimony. Following an evidentiary hearing, the PCRA court denied the petition, and this Court affirmed the denial on August 8, 2012.

On September 29, 2016, Appellant filed a second *pro se* PCRA petition, and counsel was appointed to assist him. Appellant requested an evidentiary hearing based on his claim of newly discovered evidence of an alleged eyewitness. The PCRA court scheduled an evidentiary hearing; however, the witness failed to appeal. The PCRA court dismissed the petition, and this Court affirmed on July 17, 2018.

On August 23, 2018, Appellant filed a third *pro se* PCRA petition. Appellant alleged prior counsels' ineffectiveness. The PCRA court dismissed the petition, and this Court affirmed on November 6, 2019.

On March 7, 2023, Appellant filed a fourth *pro se* PCRA petition raising claims of prior counsels' alleged ineffectiveness. The PCRA court dismissed the petition on April 13, 2023. Appellant did not file an appeal to this Court.

On or about January 25, 2024, Appellant filed the instant *pro se* PCRA petition. Therein, Appellant averred his trial counsel, first PCRA counsel, and second PCRA counsel were ineffective for failing to ensure the record was complete on appeal and during the subsequent PCRA proceedings. Specifically, Appellant claims the final day of trial, including the attorneys' closing statements and the trial court's charge to the jury, was never transcribed. He avers all prior attorneys were ineffective in failing to ensure the record was complete and/or noticing the breakdown in the court's proceedings. Appellant claims he discovered this "fact" of an incomplete record "after receiving a copy of his complete criminal docket in December of 2023." Appellant's PCRA Petition, filed 1/25/24, at 11. Thus, he avers he is entitled to the newly discovered facts timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).

On February 20, 2024, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On March 11, 2024, Appellant filed a *pro se* response

indicating that he suspected, since June 5, 2008, that portions of the trial transcript were not transcribed; however, he did not confirm this "fact" until December 3, 2023, when he reviewed the docket sheet for his criminal case.

By order entered on July 8, 2024, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing. Appellant filed a timely *pro se* appeal on July 19, 2024, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

I.  Did a breakdown in the court system occur where the trial court ordered only three days of trial to be transmitted to the Superior Court (not once but every time appellant appealed) and leaving out an entire fourth and final day of trial, thereby completely depriving appellant review of his jury instructions, closing arguments, and verdict?

II.  Does the breakdown in the court system excuse the otherwise untimely filing of an appeal, where the appellant was represented by counsel and was unaware such a breakdown had occurred?

III.  Did the trial court err in denying the PCRA petition as untimely despite appellant demonstrating due diligence and showing that he did not discover the record being incomplete until he obtained access to public records, his criminal docket sheet, in or around December 2023?

IV.  Did appellate counsel and all prior PCRA counsel's [*sic*] provide the ineffective assistance of counsel when they failed to object to the record being incomplete pursuant to R.A.P. [*sic*] 1922(c)(1), thereby completely depriving appellant of his right to a meaningful appellate review?

V.  Did trial counsel provide the ineffective assistance of counsel where counsel failed to request a cautionary instruction relating to the introduction of prior bad acts evidence under Pa.R.E. 404(b)?

> VI. Did trial counsel provide ineffective assistance of counsel for not objecting to the trial court not defining "reckless" to the jury under 18 C.S. [*sic*] § 302(b)(3)?

Appellant's Brief at 13-14 (suggested answers omitted).

Initially, we note:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[1] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." ***Commonwealth v. Brown***, 596 Pa. 354, 943 A.2d 264, 267 (2008).

In the case *sub judice*, Appellant's judgment of sentence became final on or about January 15, 2011, ninety days after our Supreme Court denied

---

[1] On October 24, 2018, the General Assembly amended Subsection 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

Appellant's petition for allowance of appeal. **See** U.S. Sup.Ct. Rule 13; 42 Pa.C.S. § 9545(b)(3). Appellant's instant PCRA petition, filed on or about January 25, 2024, was clearly filed more than one year from when his judgment of sentence became final. Consequently, the instant petition is patently untimely. **See Monaco**, **supra**. As such, we cannot address the merits of Appellant's PCRA petition unless he meets one of the timeliness exceptions set forth *supra*.

In the case *sub judice*, Appellant suggests that he is entitled to the newly discovered facts exception set forth in Subsection 9545(b)(1)(ii). Generally, to qualify for the newly discovered facts exception, petitioners must prove that the facts upon which their claim is based were unknown and could not have been discovered previously through the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).

"Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [ ] put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 230 (2016) (quotation marks and quotation omitted). The petitioner must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." **Id.** at 227 (citation omitted). The question of whether a petitioner, based upon the circumstances of a particular case, would have been unable to discover the newly-discovered fact notwithstanding the exercise of due diligence is a question that requires fact-

finding, and the PCRA court, as the fact-finder, should determine whether a petitioner demonstrated this requirement of the exception. ***Commonwealth v. Bennet***, 593 Pa. 382, 930 A.2d 1264, 1274 (2007). Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts. ***Id.***

Here, in invoking Subsection 9545(b)(1)(ii), Appellant claims his newly discovered fact is attributed to the ineffective assistance of all prior counsel. He claims all prior counsel failed to notice a breakdown in the trial court as it relates to the absence of the transcript for the last day of trial. Appellant claims prior counsel should have objected to the lack of transcription, ensured the entire notes of testimony were transcribed, or filed a statement in lieu of transcripts pursuant to Pa.R.A.P. 1923. Moreover, Appellant baldly claims he was duly diligent in discovering that the last day of trial had not been transcribed.

Initially, we note that our Supreme Court has held that "while layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the PCRA, [the Court has] repeatedly held that claims of ineffective assistance of counsel do *not* automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)." ***Commonwealth v. Pursell***, 561 Pa. 214, 749 A.2d 911, 916 (2000) (citations omitted) (italics in original). "[A]n untimely petition will not be

addressed simply because it is couched in terms of ineffectiveness."
***Commonwealth v. Yarris***, 557 Pa. 12, 731 A.2d 581, 586 (1999).

Moreover, the PCRA court concluded that, to the extent the absence of a transcript is a "new fact," Appellant failed to demonstrate that he could not have discovered the fact earlier through the exercise of due diligence. PCRA Court Opinion, filed 8/22/24, at 6-7. As the PCRA court indicated:

> [A]ppellant is unable to explain or demonstrate that he exercised due diligence in discovering the absence of the transcript from the record. He has been in possession of the transcripts for well over a decade, and [he] cannot suddenly claim that he was unaware of those portions of his trial which were [allegedly] not transcribed. The transcribed portions of the trial were utilized in his appeal and transmitted to the Superior Court.

***Id.*** at 7.

We find no abuse of discretion. Appellant indicates that, while he suspected for some time that his entire trial had not been transcribed, he "did not discover this error until he gained access to his docket sheet[.]" Appellant's Brief at 30. However, Appellant has not explained why he could not have gained access to his docket sheet earlier with the exercise of due diligence. Further, Appellant has not demonstrated that the absence of the transcript (*i.e.*, the alleged "fact") could not have been discovered in a different manner with the exercise of due diligence during the last fifteen years.

As the PCRA court astutely recognized: "'Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner

must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." PCRA Court Opinion, filed 8/22/24, at 6. Appellant has failed to do so in the case *sub judice*.

For all of the foregoing reasons, we conclude Appellant has not met any of the timeliness exceptions. Thus, we find the PCRA court properly dismissed Appellant's fifth PCRA petition on the basis it was untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2025