J-S40027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM R. PERKINS | |
| Appellant | No. 3265 EDA 2015 |

Appeal from the PCRA Order September 28, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003367-2011
CP-46-CR-0007355-2010

BEFORE: BOWES, J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 10, 2016**

Appellant, William Perkins, appeals from the September 28, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On March 5, 2013, the trial court imposed an aggregate sentence of 10 to 20 years' imprisonment, plus 1 year of probation, after Appellant entered an open guilty plea to two counts of criminal conspiracy, and one count of accident involving damage to attended vehicle and property.[1] Appellant filed a timely notice of appeal on March 13, 2013, but withdrew said appeal on

---

[1] 18 Pa.C.S.A. § 903(c) and 75 Pa.C.S.A. § 3743(a), respectively.

May 3, 2013. Therefore, Appellant's judgment of sentence became final on April 4, 2013, when the filing period for a notice of appeal to this Court expired. *See generally* 42 Pa.C.S.A. § 9543(b)(3); Pa.R.A.P. 903(c)(3). Appellant filed the instant petition on April 22, 2015; therefore, it was facially untimely.[2] *See generally* 42 Pa.C.S.A. § 9543(b)(1).

We have reviewed Appellant's PCRA petition contained in the certified record and nowhere therein did Appellant raise any of the PCRA's three enumerated time-bar exceptions.[3] *See generally id.* § 9545(b)(1). This defect is fatal to his petition. As this Court has often stated, "[t]he petitioner has the burden to **plead in the petition** and subsequently to prove that an exception applies." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted; emphasis added), *appeal denied*, 944 A.2d 756 (Pa. 2008); *accord Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013). Therefore, the PCRA court lacked jurisdiction to consider the merits of Appellant's petition.[4]

---

[2] We note Appellant timely filed his first counseled PCRA petition on August 6, 2013. The PCRA court dismissed said petition on February 10, 2014 after a hearing. This Court affirmed on October 6, 2014, and our Supreme Court denied *allocatur* on February 18, 2015. *Commonwealth v. Perkins*, 108 A.3d 103 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 110 A.3d 997 (Pa. 2015).

[3] Appellant appears to acknowledge this defect. Appellant's Brief at 18.

[4] Even if we were to consider the governmental interference exception that Appellant raises for the first time in his appellate brief, he would still not be
*(Footnote Continued Next Page)*

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely filed. Accordingly, the PCRA court's September 28, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016

*(Footnote Continued)* ———————————

entitled to any relief. Although styled as a government interference exception argument, Appellant's brief appears to actually claim that the PCRA time-bar itself violates his due process rights. Appellant's Brief at 6-9. Our Supreme Court has rejected such an argument. ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 n.8 (Pa. 1998). Furthermore, to the extent Appellant complains he never received the PCRA court's notice of intent to dismiss without a hearing under Pennsylvania Rule of Criminal Procedure 907, our Supreme Court has held that the failure to give such a notice in the first instance is not reversible error where the subject PCRA petition was untimely. ***Commonwealth v. Pursell***, 749 A.2d 911, 917 n.7 (Pa. 2000). Therefore, it follows that the failure to serve a defendant with the same is likewise not reversible error where the subject PCRA petition is untimely.