J-S23013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MARTIN ZAVALA-ZAVALA | |
| Appellant | No. 3095 EDA 2015 |

Appeal from the PCRA Order September 23, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000909-2013

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 14, 2016**

Appellant, Martin Zavala-Zavala, appeals *pro se* from the order dismissing his third petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. After careful review, we conclude that Zavala-Zavala's petition was patently untimely and did not plead a viable exception to the PCRA's time bar. We therefore affirm.

On July 18, 2013 Zavala-Zavala entered a negotiated plea of guilty to two counts of possession of a controlled substance, cocaine, with the intent to deliver. Pursuant to the agreement, the trial court immediately sentenced Zavala-Zavala to a term of six to twelve years' incarceration, which included

_____

[*] Former Justice specially assigned to the Superior Court.

a mandatory minimum sentence of five to ten years on count 2. Zavala-Zavala did not file a direct appeal from his judgment of sentence.

Zavala-Zavala filed his first PCRA petition on April 14, 2014. Counsel was appointed to represent Zavala-Zavala, and the PCRA court subsequently permitted counsel to withdraw pursuant to the *Turner*/*Finley* process.[1] The PCRA court dismissed Zavala-Zavala's first PCRA petition on August 19, 2014, and Zavala-Zavala did not file any appeal from the dismissal.

Zavala-Zavala filed his second PCRA petition on August 29, 2014. The PCRA court dismissed Zavala-Zavala's second PCRA petition as untimely. Zavala appealed the dismissal, and this Court affirmed on June 16, 2015. Zavala-Zavala did not seek review before the Supreme Court of Pennsylvania.

Zavala-Zavala filed the instant PCRA petition, his third, on July 21, 2015. The PCRA court dismissed the petition as untimely, and this timely appeal followed.

As the PCRA court dismissed Zavala-Zavala's petition on timeliness grounds, we must address that issue before any of Zavala-Zavala's other issues on appeal. *See Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) ("[A] question of timeliness implicates the jurisdiction of our Court."). "The PCRA timeliness requirements are jurisdictional in nature and,

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Zavala-Zavala's third PCRA petition, filed on July 21, 2015, is patently untimely, as his judgment of sentence became final on August 19, 2013. Thus, the PCRA court did not have "jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." ***Commonwealth v. Pursell***, 749 A.2d 911, 914 (Pa. 2000).

Zavala-Zavala has not pled any viable exceptions to the timebar. ***See*** PCRA petition, filed 6/1/15. Primarily, he argues that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013).[2] He contends that ***Alleyne*** is retroactive. This Court has held that ***Alleyne*** is not a decision upon which a petitioner may establish an exception to the PCRA's timebar. ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). As a result, Zavala-Zavala's appeal merits no relief.

_____

[2] Perhaps in an effort to save his argument from the application of the sixty-day limitation period in 42 Pa.C.S.A. § 9545(b)(2), Zavala-Zavala argues that his claim was premised upon ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). However, a review of ***Hopkins*** reveals that it was concerned with the application of ***Alleyne*** to the Pennsylvania Drug-Free School Zone Act, 18 Pa.C.S.A. § 6317. Zavala-Zavala was not sentenced under this provision, and therefore ***Hopkins*** is utterly irrelevant.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016