J-S62011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTINO GRIGGS | : | |
| | : | |
| Appellant | : | No. 3145 EDA 2017 |

Appeal from the PCRA Order August 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001962-2010

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 15, 2018**

Justino Griggs appeals, *pro se*, from the trial court's order dismissing his Post Conviction Relief Act (PCRA) petition[1] as untimely.  We affirm.

On August 15, 2011, Griggs entered a negotiated guilty plea to robbery (F-1),[2] burglary (F-1),[3] conspiracy,[4] possession of an instrument of crime

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 3502(a).

[4] 18 Pa.C.S. § 903.

(PIC),[5] aggravated assault (F-1),[6] and various firearm offenses.[7] Griggs was sentenced to three concurrent terms of 10-20 years' incarceration[8] for the aggravated assault, robbery, conspiracy and burglary convictions, a consecutive sentence of 5-10 years' imprisonment for possession of a prohibited firearm, and a sentence of 3½-7 years' imprisonment for firearms carried without a license which was to run concurrent with the other firearm sentence. In total, Griggs was ordered to serve 15-30 years in prison. Griggs did not file post-sentence motions or a direct appeal. On March 29, 2012, Griggs filed a *pro se* PCRA petition; counsel was appointed and filed a "no merit"[9] letter. The court dismissed Griggs' petition on August 9, 2013, and permitted counsel to withdraw. Griggs filed a *pro se* appeal and our Court affirmed the PCRA court's order on June 24, 2014.

Griggs filed the instant *pro se* PCRA petition, his second, on January 6, 2017, and an amended *pro se* petition on March 9, 2017. On July 25, 2017, the trial court issued Pa.R.Crim.P. 907 notice of intent to dismiss Griggs' petition. On August 25, 2017, the court formally dismissed Griggs' petition.

---

[5] 18 Pa.C.S. § 907(a).

[6] 18 Pa.C.S § 2702(a).

[7] 18 Pa.C.S. § 6105(a)(1) (possession of firearm prohibited); 18 Pa.C.S. § 6106(a)(1) (firearms not to be carried without license).

[8] **See** 42 Pa.C.S.A. § 9714, **infra** at 5-6.

[9] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Griggs filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Griggs presents the following issues for our consideration:

(1) Whether the Trial Court erred in finding that [Griggs'] guilty plea was entered in voluntarily, knowingly, and intelligently in light of the statutory interpretation in *Commonwealth V. Hopkins*, 98 MAP 2013 premised upon *Alleyne v. United States*, 133 S. Ct. 2151 (2013)?

(2) Whether [Griggs'] sentence is illegal and subject to correction mandated by [the] PCRA provisions as such challenge was asserted in a timely PCRA?

(3) In *Alleyne v. United States*[,] 133 S. Ct. 2151 (2013)[,][10] [was it decided] that this is "New Law" or did the U.S. Supreme Court interpret the relevant law for the first time and ma[k]e it clear what the "General Assembly's" original intent was in legislating [the c]onstitutionality of Section 9712 and similar Pennsylvania mandatory minimum statutes?

Appellant's Brief, at 4.

On appeal from the denial of PCRA relief, this court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Blackwell*, 647 A.2d 915 (Pa. Super. 1994). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.*

_____

[10] In *Alleyne*, the United States Supreme Court held that, under the Sixth Amendment to the United States Constitution, U.S. Const. amend. VI, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence.

Any petition filed under the PCRA must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). For purposes of determining when a petitioner's judgment becomes final under section 9545(b)(1), the PCRA states that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545 (b)(3). In three instances, courts will not hold PCRA petitioners to the strict one-year filing time frame. A PCRA petition may be filed within 60 days from the date the claim could have been presented when the petition alleges and the petitioner proves that:

> (1) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (2) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (3) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), & (iii). A petitioner has the burden to plead and prove these exceptions. ***Commonwealth v. Pursell***, 749 A.2d 911, 914 (Pa. 2000).

Instantly, Griggs was sentenced on August 15, 2011; he filed no post-sentence motions or direct appeal. Thus, Griggs' judgment of sentence became final after the time expired for him to file a direct appeal, or on September 15, 2011. **See** Pa.R.A.P. 903. Thus, Griggs had until September 15, 2012 to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(3). Griggs filed the instant PCRA petition, his second, on January 6, 2017 – more than four and one half years after that deadline. Thus, it is patently untimely and the PCRA court had no jurisdiction to entertain Griggs' petition unless he pled and proved one of the exceptions to the jurisdictional time bar set forth in section 9545(b)(1).

Griggs' claim that his sentence is illegal because the court imposed an unconstitutional mandatory minimum statute is unavailing. In order to overcome the untimeliness of his petition, he asserts that this issue invokes the PCRA's "newly recognized constitutional right" exception. A close review of the certified record indicates, however, that the court did not impose an illegal mandatory minimum sentence. Rather, the trial court applied 42 Pa.C.S. § 9714(a)(1), the "second-strike" provision, which increased the mandatory minimum *based on Griggs' prior convictions*, not on elements of offenses. **See** 42 Pa.C.S. § 9714(a)(1) (requiring imposition of ten-year mandatory minimum sentence upon second conviction of crime of violence).[11]

_____

[11] We also note that even if Griggs had been sentenced to an unconstitutional mandatory minimum, our Supreme Court has held that although **Alleyne**

Our case law is clear that **Alleyne** did not overturn prior precedent holding that prior convictions are sentencing factors and not elements of offenses. Because section 9714(a)(1) increases mandatory minimum sentences based on prior convictions, Griggs' sentence does not implicate **Alleyne**. **Commonwealth v. Reid**, 177 A.3d 777 (Pa. Super. 2015).

Because the PCRA court's findings were supported by the record and its order is free of legal error, we affirm. **Blackwell**, **supra**.

Order affirmed.[12]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/18

---

establishes a new rule of federal constitutional law, it does not apply to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Moreover, **Alleyne** does not meet the new constitutional right exception to the PCRA time bar. **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015).

[12] We also note that Griggs failed to raise his issue regarding the voluntariness of his guilty plea in his Rule 1925(b) statement. Thus, we would find it waived even if his petition were timely filed. Moreover, Griggs' claim that the court erred in not appointing him counsel for this second PCRA petition is meritless. An indigent defendant is only entitled to counsel on his or her first PCRA petition. **See** Pa.R.Crim.P. 907.