J-S34018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES EDWARD MITCHELL | : | |
| Appellant | : | No. 1398 WDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001924-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES EDWARD MITCHELL | : | |
| Appellant | : | No. 1399 WDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003600-1997

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 04, 2019**

James Edward Mitchell appeals from the denial of his seventh petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Mitchell maintains that the PCRA court erred in denying his PCRA petition as untimely because he met the newly-discovered fact time-bar exception. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

On May 18, 1998, a jury found Mitchell guilty of first-degree murder and carrying a firearm without a license.[1] The trial court sentenced Mitchell to life without the possibility of parole for first-degree murder and three and one-half to seven years' incarceration for the firearm conviction. This Court affirmed the judgment of sentence and our Supreme Court denied Mitchell's petition for allowance of appeal on October 4, 2002. *See Commonwealth v. Mitchell*, 803 A.2d 795 (Pa.Super. 2002).

After several unsuccessful PCRA petitions, Mitchell filed the instant, counseled PCRA petition in April 2018. He alleged newly discovered evidence in the form of the recantation of one of the Commonwealth's witnesses against him at trial, who had testified that he was an eyewitness to the murder. The PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Mitchell did not respond to the Rule 907 notice and the PCRA court denied the petition. This timely appeal followed.

Mitchell asks us to review the following claim:

> Whether the PCRA Court erred and/or abused its discretion by failing to give relief, in the form of a new trial and/or an evidentiary hearing, when [Mitchell] presented newly discovered evidence in the form of the testimony of Charles Fleming?

Mitchell's Br. at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 6106(a)(1), respectively.

and whether its decision is free of legal error. *See Commonwealth v. Conway* 14 A.3d 101, 108 (Pa.Super. 2011). Before we may address the merits of Mitchell's claim, we must first address the timeliness of his petition as the PCRA time-bar is jurisdictional in nature. *See Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998).

If a PCRA petition is untimely, neither our Court nor the PCRA court has jurisdiction to review the petition. *See Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). Once a judgment of sentence is final, a petitioner has one year to file a first or subsequent PCRA petition. *See* 42 Pa.C.S.A § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

After the one year deadline, a petitioner must plead and prove at least one of the time-bar exceptions before the court may entertain the petition. These exceptions include: (1) the failure to raise the claim previously was due to interference by government officials; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or the Pennsylvania Supreme Court has held to apply

retroactively. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within 60 days that the claim could have been raised.[2]

Here, Mitchell's judgment of sentence became final on January 2, 2003, at the expiration of the 90-day appeal period for filing a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S. Sup.Ct.R. 13(1). Therefore, he had until January 2, 2004, to file a timely petition. Thus, the instant petition – which he filed more than 14 years after the time-bar deadline - is patently untimely. Accordingly, the PCRA court was without jurisdiction to consider the petition unless Mitchell pled and proved at least one of the time-bar exceptions. **See Commonwealth v. Pursell**, 749 A.2d 911, 913-14 (Pa. 2000).

In his petition, Mitchell claimed relief under the newly discovered fact exception. In order to satisfy this exception, a petitioner must prove that the newly discovered fact: (1) could not have been obtained prior to the conclusion of the trial by exercising due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. **See Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008). This Court has defined due diligence in the context of the PCRA as

---

[2] As of December 24, 2018, a petitioner has one year to raise a time-bar exception for any petition filed on December 24, 2017 and after. **See** 42 Pa.C.S.A. § 9545(b)(2).

"reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*).

Mitchell claims he discovered a new fact in the form of a recantation from one of the Commonwealth's witnesses, Charles Fleming, and provided the PCRA court with a certification from Fleming. **See** Certification of Charles Fleming, signed and dated July 14, 2017. On July 14, 2017, Fleming allegedly sent a certification to Mitchell recanting his trial testimony in identifying Mitchell as the shooter. **Id.** In this certification, Fleming claimed that he falsely accused Mitchell of the shooting because police had told him that Mitchell was blaming Fleming for the victim's murder. To protect himself, Fleming identified Mitchell as the perpetrator. **Id.** The PCRA concluded that this alleged recantation did not warrant relief for Mitchell because Mitchell failed to allege the date when the new information came into his possession, making it impossible to know if he had raised the claim within 60 days of the date he first could have raised it. We agree.

Fleming dated his certification July 14, 2017, yet Mitchell waited an entire year before filing his PCRA petition. His petition as well as his brief on appeal are void of any explanation for this delay. Furthermore, Mitchell fails to explain why he could not have obtained this certification by exercise of due diligence and also fails to explain how Fleming's alleged recantation would have resulted in a different outcome at trial. He thus fails to establish two of

the four necessary prongs of the newly discovered facts time-bar exception, due diligence and prejudice. Further undermining any claim of prejudice is the fact that another eyewitness also identified Mitchell as the shooter. **See** Trial Court Opinion, filed 2/28/01, at 4. As such, we conclude that the PCRA court did not abuse its discretion in denying Mitchell's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2019