J-S03004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ROBERT PAYNE, SR. | : | |
| | : | |
| Appellant | : | No. 196 WDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001639-2006

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED APRIL 30, 2020

John Robert Payne, Sr. appeals from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We conclude that Payne's PCRA petition is untimely and he fails to satisfy any time-bar exception. We therefore affirm.

In January 2007, a jury found Payne guilty of aggravated indecent assault of a child, indecent assault, corruption of minors, and endangering welfare of children.[1] In May 2007, the trial court sentenced Payne to five to 10 years' imprisonment for aggravated assault of a child, nine to 24 months' imprisonment for corruption of minors, and five years' probation for endangering the welfare of children. The court ordered that the sentences

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3125(b), 3126(a), 6301, and 4304(a), respectively.

were to be served consecutive to each other and found that the indecent assault conviction merged for sentencing purposes. On October 16, 2008, this Court affirmed the judgment of sentence. Payne did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Payne filed several unsuccessful PCRA petitions. In September 2017, Payne filed the instant PCRA petition asserting he is entitled to relief under Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). The PCRA court appointed counsel, who filed an amended petition, alleging "[p]ursuant to Muniz, [Payne] was never constitutionally subject to registration under SORNA and thus, could not be prosecuted for failure to comply with registration" under SORNA. Amended Petition for Post-Conviction Relief Under the PCRA and/or Habeas Corpus Relief, filed Jan. 9, 2018, ¶ 9. Payne claimed that the petition was timely because Muniz established a constitutional right that the Pennsylvania Supreme Court recognized to apply retroactively.

The PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. The court reasoned that Payne had not been convicted of violating any enhanced registration requirement and therefore there was no case or controversy. In January 2019, the court dismissed the petition. Payne filed a timely notice of appeal.

Payne raises the following issue:

> 1. Did the Court below commit reversible error by failing to grant [Payne's] PCRA Petition which argued that requiring [Payne] to register under SORNA, which essentially was an

unconstitutional retroactive registration statute, was in violation of Commonwealth v. Muniz?

Payne's Br. at 1.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not reach the merits of Payne's claim because his petition was untimely. See Commonwealth v. Pursell, 749 A.2d 911, 913-14 (Pa. 2000). A criminal defendant has one year from the time the judgment of sentence becomes final to file a timely PCRA petition, unless an exception applies. See 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, Payne's judgment of sentence became final on November 17, 2008, when the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113(a) (providing that a petition for allowance of appeal shall be filed within 30 days of the entry of the Superior Court order).[2] Payne thus had until November 17, 2009, to file a timely PCRA petition. Therefore, the instant petition, which he filed in January 2017, is untimely and the PCRA court lacked jurisdiction over it unless Payne pled and proved at least one of the time-bar exceptions. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

In his PCRA petition, Payne claimed he satisfied the new retroactive constitutional right exception to the PCRA time bar, that is, he claimed that Muniz established a constitutional right which was found to apply retroactively. We have concluded that Muniz does not satisfy the new retroactive constitutional right exception to the time bar because the Pennsylvania Supreme Court has not held that the right applies retroactively. Commonwealth v. Murphy, 180 A.3d 402, 406 (Pa.Super. 2018).

---

[2] Thirty days from October 16, 2008 was Saturday, November 15, 2008. Therefore, Payne had until Monday, November 17, 2008 to file a timely petition for allowance of appeal. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday).

Accordingly, Payne did not establish that an exception to the time bar applies, and the PCRA court lacked jurisdiction over the petition. We therefore affirm the order dismissing the PCRA petition.[3]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2020

_____

[3] We may affirm an order on any basis. See Commonwealth v. Clouser, 998 A.2d 656, 661 n.3 (Pa.Super. 2010).