J-S26018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH N. BAKER | : | |
| | : | |
| Appellant | : | No. 1337 WDA 2019 |

Appeal from the PCRA Order Entered August 21, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0002240-2010

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED AUGUST 04, 2020

Kenneth N. Baker appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We conclude that Baker's petition is untimely, and he fails to plead and prove a time-bar exception to the PCRA. We therefore affirm the PCRA court's order.

On October 25, 2011, a jury convicted Baker of aggravated assault, rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, unlawful restraint, simple assault, and the trial court convicted him of the summary offense of harassment.[1] The trial court sentenced Baker to an aggregate sentence of 24½ to 49 years' incarceration.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S.A. §§ 2702 (a)(1), 3121 (a)(1), 3123(a)(1), 3125(a)(2), 3126(a)(2), 2902 (a)(1), 2701(a)(1), and 2709, respectively.

This Court affirmed Baker's judgment of sentence on December 3, 2012. Baker did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

In January 2012, Baker filed a PCRA petition. The PCRA court denied the petition, and we affirmed. Baker filed other petitions, including at least one other PCRA petition, all of which were denied. In July 2019, Baker filed the instant PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing. Baker filed a document entitled "RETURNED SERVICE REQUESTED," which stated that his "request for PCRA should not be dismissed." In August 2019, the PCRA court dismissed the PCRA petition as untimely. Baker filed a timely notice of appeal.

In September 2019, Baker filed a petition for writ of mandamus or extraordinary relief. The court dismissed the petition without prejudice to refile the petition after the completion of the pending appeal.

Baker raises the following issue on appeal:

> 1. [Baker's] trial counsel was ineffective in accord with the Strickland standard. At trial, [Baker's] counsel, Kurt Fuchel, Esq. violated [Baker's] civil rights by excluding him from participation in the selection of jurors. Over [Baker's] objections to Mr. Fuchel, counsel refused to object to the seating of an all white jury. ([Baker] is black).
>
> 2. [Baker's] trial counsel did not raise the issue of [Baker's] mental illness in mounting a defense. Counsel did not consult to or call any psychiatric or psychological expert testimony.
>
> 3. [Baker's] trial counsel failed to act upon or even contact witnesses who were provided by name by [Baker].

4. The trial court allowed a conflict of interest, in the form of [Baker's] public defender (from a prior case in 1998), Frank Marttucci, Esq., to serve as the prosecuting assistant district attorney in this instant case.

Baker's Br. at § (C).

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not reach the merits of Baker's claims because his petition was untimely. See Commonwealth v. Pursell, 749 A.2d 911, 913-14 (Pa. 2000). A criminal defendant has one year from the time the judgment of sentence becomes final to file a timely PCRA petition, unless an exception applies. See 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Baker's judgment of sentence became final on January 2, 2013, when the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113(a) (providing that a petition for allowance of appeal shall be filed within 30 days of the entry of the Superior Court order). Baker had until January 2, 2014, to file a timely PCRA petition. Therefore, the instant petition, which he filed in July 2019, is untimely and the PCRA court lacked jurisdiction over it unless Baker pled and proved at least one of the time-bar exceptions. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Baker's PCRA petition does not provide any facts to support a claim that he satisfies a time-bar. He checked the box next to each time-bar exception listed on the PCRA petition, but, where the petition asks for the facts supporting the claims, Baker provided string cites of federal cases, not facts specific to his case. Further, he claims that certain witnesses would have testified at an evidentiary hearing, but does not explain when he learned of the witness's existence or whether such witnesses would establish that he satisfied a time-bar.

In his appellate brief, Baker claims that he filed the PCRA petition at issue in response to an August 19, 2019 order issued by a federal magistrate

judge and the order provided newly discovered evidence. The current appeal, however, addresses the PCRA court's August 21, 2019 order dismissing Baker's July 2019 PCRA petition. Any claim relating to alleged newly discovered evidence not raised in the July 2019 petition is not properly before us.

Because Baker failed to pled and prove the existence of a time-bar exception in his PCRA petition, the PCRA court did not err in dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2020