J-S18014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOON STARCLOUD A/K/A KEITH | : | |
| MASON KNIGHT | : | |
| | : | |
| | : | No. 238 MDA 2022 |
| Appellant | : | |

Appeal from the PCRA Order Entered January 10, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000004-1974

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JULY 20, 2022**

Appellant, Moon Starcloud (a/k/a Keith Mason Knight), appeals *pro se* from the post-conviction court's January 10, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On February 26, 1975, a jury convicted Appellant of two counts of first-degree murder and criminal conspiracy in connection with the April 15, 1974 strangulation deaths of his mother and half-sister. He was sentenced on August 5, 1975, to two consecutive terms of life imprisonment without the possibility of parole for his murder convictions, and two concurrent life sentences for his conspiracy convictions. On October 20, 1976, our Supreme Court affirmed his judgment of sentence. ***See Commonwealth v. Knight***, 364 A.2d 902 (Pa. 1976).

In the ensuing years, Appellant filed multiple petitions under the Post Conviction Hearing Act (PCHA), the predecessor to the PCRA. In one of those petitions, Appellant alleged "that the two sentences he received for [c]onspiracy on or about August 5, 1975, were improper and inappropriate in that there was only one [c]onspiracy for which he could be sentenced." *See* Trial Court Order, 4/7/88, at 1 (single page). The judge presiding over that PCHA petition was the Honorable Keith B. Quigley. In an order dated March 29, 1988 (but filed on April 7, 1988), Judge Quigley noted that the Commonwealth did not object "to the grant of relief" and, accordingly, the judge "amended" Appellant's August 5, 1975 sentence "to impose a single life imprisonment term for one count of [c]onspiracy, thus vacating the second life term for [c]onspiracy, [and] in all other respects ratifying and confirming all other aspects of said [o]rder of [s]entence." *Id.*

Appellant thereafter filed several more PCHA/PCRA petitions, including his present, *pro se* petition filed on December 3, 2021. Therein, Appellant alleged that "SCI-Huntingdon usurped county jurisdiction by revising [Appellant's] sentencing court order by connecting the homicide of count of Indictment 4(B) with the conspiracy count of Indictment 4(A) without court authority to do so." PCRA Petition, 12/3/21, at 3. He also claimed that, "[o]n June 6, 2021[,] the Records Office of SCI[-]Huntingdon, without court order [or] authority…, did alter the sentence of [Appellant] to correct an illegal sentence created by Judge … Quigley on March 29, 1988." *Id.* at 4. Appellant contended that "the court created an unlawful sentence in order to 'undo'

[Appellant's] being tried twice for the same offense." *Id.* Attached to his petition, Appellant included a Department of Corrections Sentence Status Summary document. *See id.* at Exhibit 1. That document seems to show that Appellant is serving life sentences for first-degree murder (listed as indictment "CP169 CT1A/1975") and criminal conspiracy to commit murder (listed as indictment "CP169 CT2A/1975"). *Id.* at Exhibit 1, pg. 1.

On December 16, 2021, the court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The docket indicates that the Rule 907 notice was served on Appellant by certified mail on December 17, 2021. The court stated in the order that Appellant had 20 days to file a response to the Rule 907 notice, but no response by Appellant was received. On January 10, 2022 — 25 days after the Rule 907 notice was filed — the court denied Appellant's petition without a hearing on the basis that it was untimely.

On January 12, 2022, the Clerk of Courts received and docketed a *pro se* letter from Appellant, dated January 8, 2022, in which he claimed that he did not receive the court's Rule 907 notice until January 7, 2022. Appellant also questioned in that letter whether the judge assigned to preside over his PCRA proceeding, the Honorable Thomas R. Campbell, was "any relation to Attorney Robert Campbell of Adams County…." *Pro Se* Correspondence, 1/12/22, at 1. Appellant stated that if Judge Campbell were related to Attorney Robert Campbell, Judge Campbell "should have recused himself from

the instant matter" because Attorney Campbell had represented Appellant at his trial and sentencing proceedings. *Id.*

On February 2, 2022, Appellant filed a timely, *pro se* notice of appeal from the court's January 10, 2022 order dismissing his PCRA petition. He thereafter timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on March 3, 2022.

In Appellant's *pro se* brief, he fails to include a "Statement of the Questions Involved" section as required by Pa.R.A.P. 2116. However, we are able to discern his issues from the "Argument" section of his brief. We summarize his claims as follows:

> I. The PCRA court committed governmental interference by not providing Appellant with a copy of the Rule 907 notice until three days before the court dismissed his petition.
>
> II. The court committed governmental interference by not providing the Department of Corrections (DOC) and/or the Pennsylvania State Police with the March 29, 1988 amended sentencing order, leading to the DOC's not applying the amended sentence to Appellant.
>
> III. The court, Commonwealth, and defense counsel improperly engaged in a "covert, secret hearing" prior to the amendment of Appellant's sentence.
>
> IV. The Honorable Thomas R. Campbell, who presided over the instant PCRA proceedings, was improperly "influenced" by the fact that his father, Attorney Robert Campbell, represented Appellant at his trial.

*See* Appellant's Brief at 1, 3, 5, 6.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's amended judgment of sentence became final in 1989; thus, his present petition filed in 2021 is clearly untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the governmental interference exception of section 9545(b)(1)(i). First, he contends that the PCRA court committed governmental interference by not providing him with a Rule 907 notice until just three days before dismissing his petition. However, Appellant's claim does not allege that the court's actions somehow precluded him from raising any claim previously. *See* 42 Pa.C.S. § 9545(b)(1)(i). Moreover, to the extent Appellant avers that he was denied his rule-based right to a Rule 907 notice, we have clarified that, "where the petition is untimely," the court's failure to provide a Rule 907 notice "does not automatically warrant reversal." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)). Here, reversal is not warranted because Appellant does not claim that he was prejudiced by receiving the court's Rule 907 notice just three days before his petition was dismissed. In other words, he fails to explain what arguments he would have raised in response to the Rule 907

notice that would have resulted in the court's not dismissing his petition without a hearing.

Appellant also argues that he proved the governmental interference exception because the "Sentence Status Summary" attached to his petition shows that the DOC never received the order amending his sentence, and it is still applying his original, illegal sentence for his second conviction of criminal conspiracy, which Judge Quigley vacated.

Initially, this claim does not involve the government's impeding Appellant from raising any claim previously and, therefore, it does not meet the governmental-interference timeliness exception. Nevertheless, we also agree with the PCRA court that Appellant is not alleging any error with the court's original sentencing order, or the 1988 amendment thereto; instead, he is asserting an error in the DOC's paperwork, which "should be addressed through the [DOC]." Rule 907 Notice at 5. In other words, "[f]iling a PCRA petition with [the PCRA c]ourt is not the proper avenue for raising such an issue." *Id.*

Appellant's remaining claims are that there was a "covert, secret hearing" prior to the amendment of his sentence in 1988, and that Judge Campbell should not have presided over his present PCRA petition because his father represented Appellant in 1974. First, Appellant does not explain how the allegedly secret meeting between Judge Quigley, the Commonwealth, and his defense counsel prior to Appellant's sentence being amended meets any

timeliness exception. Indeed, he does not explain any way in which he was harmed or prejudiced by this ostensible meeting.

Second, regarding Appellant's suggestion that Judge Campbell should have recused from the present matter, Appellant admits that "there is no direct evidence that Judge Campbell was influenced by his father's involvement with … [A]ppellant…." Appellant's Brief at 6. He contends, however, that "there is circumstantial evidence that his ruling and actions may have been retaliatory: to wit, the deliberate withholding of [the court's] December 16, 2021 [Rule 907 notice]." *Id.*

We are unconvinced that Judge Campbell erred by presiding over this matter. Appellant has offered nothing to support his speculation that Judge Campbell "deliberately" withheld the Rule 907 notice from him. Indeed, the record belies this claim, as it indicates Appellant was served with the notice by first class mail the day after it was filed.

Appellant also offers no explanation for why Judge Campbell would seek "retaliation" against Appellant because his father represented Appellant over 45 years ago. In Judge Campbell's Rule 1925(a) opinion, he rejects Appellant's claim that he could not preside impartially, noting that he "was a four-year-old child" when his father represented Appellant, and his "father has not discussed Appellant's case with [him] in any way that would affect [his] ability to act impartially when deciding the merits of Appellant's PCRA [p]etition." PCRA Court Opinion, 3/3/22, at 3. Judge Campbell also stresses that he "had no knowledge of this case or [his] father's representation of

Appellant until the instant PCRA petition was filed." ***Id.*** Given Judge Campbell's response to Appellant's unsupported allegation of partiality, we discern no error in Judge Campbell's presiding over Appellant's PCRA proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2022