J-S30044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LONNIE SPELLMAN | : | |
| | : | |
| Appellant | : | No. 2035 EDA 2021 |

Appeal from the PCRA Order Entered September 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010295-2009

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED SEPTEMBER 15, 2022**

Lonnie Spellman (Spellman) appeals the order of the Court of Common Pleas of Philadelphia County (PCRA court) summarily dismissing his third petition for post-conviction relief. In 2010, following a bench trial, Spellman was found guilty of possession of a firearm by a prohibited person, possession of a firearm without a license, and carrying a firearm on a public street or public property. He was sentenced to an aggregate prison term of 5 to 10 years. In 2020, he filed his present petition, pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, claiming that trial counsel was ineffective on several grounds. The PCRA court found that the claims were procedurally barred, and we affirm the order of dismissal on that basis.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On the evening of July 31, 2009, two patrol officers observed Spellman fighting with two women in a Philadelphia street. When the police activated the emergency lights on their vehicle and identified themselves, Spellman attempted to flee. Before Spellman could get away, the officers approached and again identified themselves.

In response, Spellman reached into his waist-band, where the officers could see a bulge in the shape of a firearm. Spellman was asked if he had a weapon and Spellman admitted that he did. Moments later, the officers arrested Spellman and recovered from his person a .32 caliber revolver. They also found that Spellman was ineligible to possess the weapon because he was on parole due to a conviction in 1996 on a count of third-degree murder.

At a bench trial held on January 6, 2010, Spellman admitted to possessing a firearm in violation of his parole, but he claimed that he did so out of necessity, seizing it from a combatant during the altercation observed by the police in order to prevent the weapon from being used. The trial court rejected this claim, and Spellman was found guilty of the above firearm offenses.

On February 18, 2010, Spellman was sentenced, and he did not file a direct appeal. The trial court ordered the sentence to be served concurrently with any other sentences Spellman was already serving. In a subsequent proceeding concerning Spellman's third-degree murder case, the trial court

revoked his parole due to the convictions for the firearm offenses at issue in the present matter, and as to that separate case, Spellman was recommitted to prison for an additional 48 months, which was equal to the unexpired "backtime" balance of his sentences.

On May 10, 2010, Spellman filed his first PCRA petition, *pro se*. Counsel was appointed and an amended petition was filed, raising three claims of ineffective assistance of counsel. A supplemental PCRA petition was later filed and it was denied on February 27, 2012.

Spellman appealed, but his appointed counsel failed to timely file a 1925(b) statement of issues complained of on appeal. A panel of this Court held that all of Spellman's appellate claims had, therefore, been waived. **See Commonwealth v. Spellman**, 883 EDA 2012 (Pa. Super. December 4, 2013) (unpublished memorandum).

Over a year later, Spellman filed a second PCRA petition, asserting that the ineffectiveness of PCRA counsel in the previous appeal had caused Spellman to lose his appellate rights, entitling him to a reinstatement of his appeal from the denial of his first PCRA petition. The PCRA court dismissed the second petition as untimely, and a panel of this Court again affirmed. **See Commonwealth v. Spellman**, 2904 EDA 2016 (Pa. Super. Jan. 22, 2018) (unpublished memorandum); **see also Commonwealth v. Spellman**, 191 A.3d 1287 (Pa. August 22, 2018) (denying review).

On February 19, 2020, a year-and-a-half after the Supreme Court's denial of further review in his second PCRA appeal, Spellman filed his third PCRA petition in which he raised claims of ineffective assistance of counsel. Counsel was appointed to represent Spellman. An amended petition was filed on November 11, 2020, and it included several ineffectiveness claims relating to trial counsel's failure to file a suppression motion, interview witnesses and object to sentencing errors.

In accordance with Pa.R.Crim.P. 907, the PCRA court summarily dismissed the petition, concluding that the claims were barred. The PCRA court noted that the claims concerning counsel's failure to file a suppression motion and interview witnesses were untimely and already fully litigated when those exact claims were asserted in Spellman's first PCRA petition and then waived on appeal. *See* PCRA Court Opinion, 1/19/2022, at 7-8.

The PCRA court found further that the ineffectiveness claim concerning trial counsel's failure to object at the sentencing in 2010 was both time-barred and without merit because no sentencing errors were evident from the record. *Id*. at 11-14. The PCRA court explained that Spellman's sentence on the firearm offenses was ordered to run concurrently with any other sentences he was serving at the time of the sentencing on February 18, 2010. The fact that Spellman's parole was subsequently revoked in a separate case, resulting in an additional two-year recommitment sentence, did not run afoul of the prior order for concurrent sentences, which was limited to sentences that were

- 4 -

already in force, not to any future terms which had not yet been imposed. Accordingly, since there was no sentencing error for Spellman's trial counsel to object to at the time of the sentencing on February 18, 2010, counsel could not have been ineffective in that regard. ***See id***.

In his brief, Spellman now asserts the following claims for our consideration:

> Whether the PCRA court erred in not granting relief on the issue that counsel was ineffective for the following reasons:
>
>> a. Counsel was ineffective for failing to interview and subpoena witnesses;
>>
>> b. Counsel was ineffective for failing to raise Fourth Amendment violations in the form of a suppression motion;
>>
>> c. Counsel was ineffective for failing to object to sentencing errors.

Appellant's Brief, at 8 (suggested answers omitted). Additionally, Spellman contends that the PCRA court erred in denying him an evidentiary hearing and in finding that his claims were procedurally barred. ***See id***.

## II.

Spellman argues here that the PCRA court erred in dismissing his third petition on procedural grounds, declining to hold an evidentiary hearing and denying relief on his meritorious ineffectiveness claims. We find the procedural issues to be dispositive and hold that the PCRA court did not err in

summarily dismissing the petition because the claims were barred as a matter of law.[1]

To be eligible for relief under the PCRA, a petitioner must assert a post-conviction claim within one year from the date the underlying judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1). This timing requirement is jurisdictional, as the PCRA precludes courts from considering the merits of claims raised beyond the one-year deadline unless an exception applies. *See Commonwealth v. Spotz*, 171 A.3d 675, 729 (Pa. 2017).

In the present case, Spellman's judgment of sentence became final in 2011, and his current PCRA petition was about nine years later, in 2020. Thus, the petition is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1).

Spellman has invoked the newly-discovered facts exception to the PCRA's jurisdictional time-bar as to his ineffectiveness claims. Under this exception, the time-bar will not preclude relief if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been

---

[1] "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

ascertained by the exercise of due diligence." **See** 42 Pa.C.S. § 9545(b)(1)(ii).[2]

According to Spellman, he only recently learned of his prior counsel's failure to preserve issues for review, preventing him from obtaining relief from trial court error on direct appeal and in previous PCRA appeals. Essentially, Spellman suggests that the PCRA's jurisdictional clock never began running from the time the judgment of sentence was entered because he was not adequately represented by counsel until the moment when his third (amended) PCRA petition was filed. **See** Appellant's Brief, at 18-20.

However, the circumstances of Spellman's representation at those stages would have certainly been known to him or easily discoverable. As the PCRA court noted, Spellman irrefutably was "well aware of trial counsel's decisions at the time of sentencing . . . and fully aware of the decisions trial counsel was making at the time of his criminal prosecution." Trial Court Opinion, 1/19/2022, at 9. Whatever his prior counsel did or did not do could not have been a surprise to Spellman in 2020.

_____

[2] Section 9545(b)(2) was amended to extend the time a petitioner has to invoke a timing exception from within 60 days to "within one year of the date the claim could have been presented." **See** 42 Pa.C.S. § 9545(b)(2); Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. The Act amending the statute specified that "the amendment of [subsection] (b)(2) . . . shall apply to claims arising on Dec. 24, 2017 or thereafter." Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Here, since Spellman's claims arose long before the effective date of this statutory amendment, the 60-day filing period applies.

However, in any event, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 915-16 (Pa. 2000); and *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000)).  Assuming that Spellman's trial counsel and prior PCRA counsel were somehow ineffective in raising potential issues on his behalf, this alone would not satisfy the after-discovered evidence exception so as to permit merits consideration of his claims in the present appeal.  Thus, all of Spellman's claims are untimely and the PCRA court correctly determined that it lacked jurisdiction to consider the claims' merits.

Spellman's claims are also barred for another reason.  A PCRA petitioner is only eligible for relief as to claims which have not been previously litigated or waived in prior proceedings, including previous appeals in which the claims could have been raised.  *See* 42 Pa.C.S.§ 9543(a)(3); *see also Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011).

A panel of this Court has already determined that Spellman has waived his ineffectiveness claims relating to trial counsel's failure to file a suppression motion and interview witnesses.  *See Commonwealth v. Spellman*, 883 EDA 2012 (Pa. Super. December 4, 2013) (unpublished memorandum); *see Commonwealth v. Spellman*, 2904 EDA 2016 (Pa. Super. Jan. 22, 2018) (unpublished memorandum).  As to the alleged failure of trial counsel to object

at sentencing, that claim, too, was waived because it could have been raised in an earlier PCRA petition.[3]

Since all three grounds of ineffectiveness are all barred as a matter of law, the PCRA court did not err in dismissing Spellman's petition without an evidentiary hearing or in declining to consider the merits of the claims.[4] The order of dismissal must, therefore, stand.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/15/2022*

---

[3] Spellman has given no cogent explanation as to why it took him almost a decade from the date of his sentencing to learn of the facts underlying this particular claim. Again, Spellman was present at his trial and at his sentencing hearing – he has failed to establish that the facts underlying his claim could not have been discovered through the exercise of due diligence.

[4] "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). Here, the untimeliness of Spellman's petition and the prior waiver of his claims made it unnecessary for the PCRA court to hold a hearing, especially since the lack of jurisdiction precluded the PCRA court from considering the claims' merits.