J-S07020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC GATEWARD | : | |
| | : | |
| Appellant | : | No. 1317 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013100-2010.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC GATEWARD | : | |
| | : | |
| Appellant | : | No. 1425 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013099-2010.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 9, 2023**

Isaac Gateward appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts as follows:

On June 24, 2010, at about 1:30 a.m., on the 2200 block of North Howard Street, [Gateward] and Rashon Thomas, following a dispute over drug territory, shot Dante Johnson and Terrence Purdue. During this incident, Johnson was shot multiple times from behind and killed. Purdue sustained a single gunshot wound to his torso and [died].

[Gateward] sustained a single gunshot wound to his right arm. After fleeing the scene, he was driven by several others to Cooper Hospital in Camden, New Jersey, for treatment for his gunshot wound. On the drive to the hospital, [Gateward] made admissions to several people that he was involved in the shooting.

Homicide detectives searched for [Gateward] and eventually located him after Camden County [o]fficers reached out to them. [Gateward] originally told authorities that he had been shot in the Camden area but eventually admitted that he had been shot in the 2200 block of North Howard Street.

[Gateward's] clothes were confiscated and tested for gunshot residue. There were gunshot residue particles on his pants and sneakers.

PCRA Court Opinion, 7/13/22, at 3.

On March 24, 2014, Gateward entered a negotiated guilty plea to two counts of third-degree murder and related charges. That same day, the trial court imposed an aggregate sentence of twenty-four to fifty years of imprisonment. Gateward filed neither a motion to withdraw his guilty plea nor a direct appeal.

On March 17, 2015, Gateward filed a *pro se* PCRA petition and the PCRA court appointed counsel. On April 17, 2017, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super, 1988) (*en banc*). After issuing a Pa.R.Crim.P. 907 notice of its intent

to dismiss without a hearing, the PCRA court dismissed Gateward's petition by order entered July 21, 2017, and granted PCRA counsel permission to withdraw. Gateward did not file an appeal.

On August 28, 2020, Gateward filed the PCRA petition at issue, his second. In this petition, he raised the newly-discovered fact exception to the PCRA's time bar, claiming to have newly-discovered evidence in the form of an affidavit from a witness, Kisha Goode, in which she recanted her original statement identifying Gateward as the perpetrator of the crimes, and an affidavit from Victoria Anderson, a new eyewitness to the shooting incident, who claimed that Gateward was merely an innocent bystander who did not shoot a weapon.

On June 14, 2021, privately-retained PCRA counsel entered his appearance on Gateward's behalf. The Commonwealth did not challenge the timeliness of Gateward's 2020 PCRA petition. Therefore, on April 22, 2022, the PCRA court held an evidentiary hearing at which Anderson and Gateward testified. Goode did not appear to testify in support of her affidavit.

At the conclusion of the hearing, the PCRA court stated that it did not find Anderson's testimony credible. The court further concluded that, even if true, Anderson's testimony would not have affected the outcome of the trial, had it been introduced, in light of the overwhelming evidence of guilt.

Gateward filed a *pro se* appeal.[1]  Both Gateward and the PCRA court have complied with Pa.R.A.P. 1925.

> 1. Whether PCRA counsel was ineffective and violated [Gateward's] state and federal constitutional rights under the 6th and 14th Amendments, when he failed to interview Kisha Goode prior to the evidentiary hearing?
>
> 2. Whether PCRA counsel was ineffective and violated [Gateward's] state and federal constitutional rights when he failed to postpone the evidentiary hearing due to Kisha Goode's absence?
>
> 3. Whether PCRA counsel was ineffective for failing to object to the line of evidence the Commonwealth presented at the evidentiary hearing?
>
> 4. Whether PCRA counsel was ineffective for failing to challenge the Commonwealth['s] evidence regarding Kisha Goode?
>
> 5. Whether PCRA counsel was ineffective for failing to present other layered ineffectiveness claims to the PCRA court?
>
> 6. Whether the PCRA court abused [its] discretion and was it legal error for the court to continue the hearing, based on the testimony of Victoria Anderson and affidavit of Kisha Goode?

Gateward's Brief at 3 (capitalization adjusted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings

---

[1] On June 1, 2022, the PCRA court permitted PCRA counsel to withdraw.

in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Although Gateward's first four issues involve PCRA counsel's alleged shortcomings at the evidentiary hearing, and his sixth issue involves the PCRA court's decision to continue holding the hearing, he provides no supporting argument for these claims. Thus, we need not consider them further. *See Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (finding an issue abandoned when it has been identified on appeal but not properly developed in the appellate brief).

In his fifth issue, Gateward asserts that PCRA counsel was ineffective for failing to present "other" unspecified layered ineffectiveness claims. Citing *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), Gateward contends that "[f]irst PCRA counsel's ineffectiveness is newly discovered evidence that should have been investigated and presented at the evidentiary hearing." Gateward's Brief at 9 (emphasis omitted).

In *Bradley*, although our Supreme Court held that a defendant could raise a claim of PCRA counsel's ineffectiveness for the first time on appeal, allegations of ineffectiveness of prior PCRA counsel, including prior PCRA counsel, does not satisfy the "new fact" time-bar exception. As our high court explained:

> We decline to adopt the approach, suggested by Appellee and *Amicus* Pennsylvania Innocence Project, that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive

petition, the PCRA's time bar provision under the "new fact" exception. *See* 42 Pa.C.S. § 9545(b)(1)(iii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785 (2000)("[S]ubsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly]-discovered evidence."); [*Commonwealth v. Pursell*, 749 A.2d 911, 916-17 (Pa. 2000)] (finding claim of ineffectiveness assistance of counsel layered upon a claim of trial counsel ineffectiveness was based upon facts that existed at the time of trial, and did not fall within the "new facts" exception to the time bar).

*Bradley*, 261 A.3d at 404 n.18.

Thus, as the Commonwealth notes in this appeal, "although [Gateward's] claim of ineffectiveness of his most recent PCRA [attorney] may be raised, the substance of that ineffectiveness claim—the alleged layered ineffectiveness of prior counsel in the first PCRA petition litigated in 2015-2017—is still subject to the timeliness requirement of the PCRA and may not be raised in the absence of a valid time-bar exception." Commonwealth's Brief at 7. Here, because Gateward's judgment of sentence became final in 2014, it is clear that his 2020 PCRA petition is untimely, and that his layered claims of ineffectiveness do not establish a time-bar exception. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000) (holding that a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception allowed by 42 Pa.C.S.A. § 9545(b)(1)(ii)). We lack jurisdiction to address the merits of Gateward's fifth

claim. Therefore, we affirm the PCRA court's order denying Gateward post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023